■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES TOWNSEND, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants. — Order, Supreme Court, Bronx County (Ivan Warner, J.), entered July 26, 1982, which, *inter alia,* granted relator's application for a writ of habeas corpus, is reversed, on the law, and the petition is dismissed as moot, without costs. While on parole, the relator was arrested, on February 13, 1982 and he was charged with the crimes of criminal possession of a weapon and criminal possession of stolen property. When relator was not afforded a mandatory final parole revocation hearing within 90 days (Executive Law, § 259-i, subd 3, par [f], cl [i]), he filed a petition for a writ of habeas corpus. Trial Term sustained the writ, and vacated and dismissed with prejudice the parole violation detainer warrant. Respondents appealed. Prior to argument of this appeal, relator was incarcerated due to a mandatory final parole revocation hearing which took

place on March 21, 1983. This hearing related to relator's arrest on December 3, 1982 for the new crimes of criminal sale of a controlled substance in the third degree and resisting arrest. As a result of this recent development, we are compelled to reverse Trial Term's order and dismiss the petition as moot "upon the ground that the remedy of habeas corpus is not available since relator will not be entitled to immediate release [since] relator is now incarcerated as the result of a new charge" (*People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility,* 47 NY2d 779). Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.