OPINION OF THE COURT
Chief Judge Cooke.
Generally, a parolee has due process and statutory rights to confront adverse witnesses whose statements are offered at a parole revocation hearing. Although these rights embrace a strong preference for face-to-face confrontation and cross-examination, a hearing examiner may, nevertheless, upon a specific finding of good cause, permit the introduction of adverse hearsay statements without affording the parolee an opportunity to confront their declarant. Any determination that dispenses with the need for confrontation requires consideration of the rights’ favored status, the nature of the evidence at issue, the *320 potential utility of cross-examination in the fact-finding process, and the State’s burden in being required to produce the declarant. In the present matter, no reason was proffered that would, in itself, constitute good cause to dispense with relator’s right to confront his parole officer, nor did the hearing examiner engage in this balancing process or make a specific finding of good cause. Therefore, permitting introduction of a parole violation report, under these circumstances, without granting relator an opportunity to cross-examine its author improperly deprived relator of his right to confront adverse witnesses.
Relator’s parole was revoked on the basis of his failure to report to his parole officer, as required under the terms of his parole, on July 9, 1980 and on all subsequent dates up to December 3,1980, the day on which a violation of parole report issued. The report was prepared by relator’s parole officer, but that officer left the employ of the Division of Parole prior to the holding of the parole revocation hearing. The report was introduced and the foundation for it was laid by relator’s then current parole officer, who had no personal knowledge of the matters reported. The hearing officer permitted the report to be admitted, under the business records exception to the hearsay rule. This report formed the sole basis of the administrative determination that relator’s parole should be revoked.
In this proceeding, Supreme Court granted a writ of habeas corpus, holding that the parole violation report was improperly admitted as a business record. The court also found that relator’s due process right was violated because he was accorded no opportunity to cross-examine the officer who prepared the report and who possessed' personal knowledge of the alleged violations. The Appellate Division affirmed on the ground that the report was improperly admitted as a business record.
The courts below erred in holding that the parole violation report was inadmissible as a business record. They reasoned that the report was not made within a reasonable time of the acts recorded: relator first failed to appear before his parole officer in July, 1980 and the report was not prepared until December, 1980. Under CPLR 4518, a document may be admitted as a business record, if *321 it is established that “it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.” At issue on this point is only whether the report was made “within a reasonable time” after the alleged failure of relator to appear before his parole officer.
Under the terms of his parole, relator was to report to his parole officer every two weeks. The instant report alleged that relator had failed to report at every required time after and including July 9,1980. Thus, there being a continuing violation of the terms of parole up to the time that the report was prepared, there was substantial evidence in the record to support a conclusion that the report was made within a reasonable time of the occurrence of the violation and the report could, properly, be admitted as a business record.
Although this evidence would be sufficient to sustain the determination to revoke relator’s parole, habeas corpus relief was properly granted to relator based on the alternative ground found by the Supreme Court. In his petition for a writ, there were alleged “violations of relator’s fundamental constitutional and statutory procedural rights” at the final revocation hearing. In the affirmation accompanying the petition, relator’s attorney noted that, although the parole officer who had prepared the report was not present at the hearing, no finding was made that he was unavailable to testify; it was stated only that he was no longer employed by the Division of Parole. At the hearing itself, an objection was made to the admission of the report because its author was “not subject to cross-examination as to those statements.”
The United States Supreme Court, in Morrissey v Brewer (408 US 471, 488-489), set forth the “minimum requirements of due process” that must be accorded a parolee at a final parole revocation hearing. Included is “the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)” {id., at p 489 [emphasis supplied]). This right has been codified in this State (see Executive Law, § 259-i, subd 3, par [f], cl [v]).
*322 The right to confrontation is not absolute, however, even in a criminal trial (see Ohio v Roberts, 448 US 56, 62-63; Mancusi v Stubbs, 408 US 204, 213-216). In Morrissey, the Supreme Court took pains to emphasize that “there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense” (408 US, at p 489). In a parole revocation hearing “the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial” (Morrissey v Brewer, 408 US, at p 489).
The importance of the right to confront adverse witnesses at parole revocation hearings should, nevertheless, not be underestimated or ignored. “In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.” (Goldberg v Kelly, 397 US 254, 269.) A rule securing a parolee’s right at a parole revocation hearing to confront witnesses who would relate adverse information is grounded in part on the principle that the fact-finding process is enhanced when the recollections of the witness may be tested and his or her demeanor may be evaluated through cross-examination (cf. Ohio v Roberts, 448 US 56, 63-65, supra).
In deciding whether confrontation is required, a hearing officer should consider not only the preference for confrontation, but also whether, under the circumstances, confrontation would aid the fact-finding process, and the burden which would be placed on the State in producing the witness. When, for example, otherwise admissible evidence is merely cumulative or its substance is objective factual material compiled under circumstances indicating it to be inherently reliable, no undue burden should be placed on the State by requiring it to produce the declarant. No precise formula may be devised to determine when the State should be permitted to introduce statements in the absence of the declarant. Rather, a careful weighing is required in each case, and any finding of good cause to dispense with the need for confrontation must be specifically stated so that it may be subjected to meaningful appellate review.
*323 In the matter now under review, the State’s only proffered reason for dispensing with the need to produce the officer who had prepared the subject report was that he was no longer employed by the Division of Parole. In determining that the report would be admitted notwithstanding the preparer’s absence, the hearing officer did not consider general policies favoring confrontation, the objective or subjective nature of the contents of the particular report, the potential assistance that cross-examination of the parole officer would lend to the fact-finding process, whether the evidence was cumulative, or what burden would be entailed in requiring that the parole officer be made available to testify. Indeed, the hearing officer made no specific finding of good cause to dispense with the production of the witness whose statements comprised the only evidence offered by the State. In the absence of such a specific finding, as is required by Morrissey, a due process violation must be presumed.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs.