■ In the Matter of HAROLD NELSON, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Board of Parole, dated April 18, 1985, which affirmed a determination of the Division of Parole, dated July 2, 1984, which, after a hearing, found that the petitioner had violated the conditions of his parole and ordered his parole revoked.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The petitioner was charged, *inter alia,* with violating the conditions of his parole in that he had engaged in the promotion of prostitution, made a false report to his parole officer concerning his employment, and had committed the offenses of harassment and menacing.

Contrary to the petitioner's contention, the Hearing Officer did not unconstitutionally restrict the petitioner's right to cross-examine the individual whom he had allegedly harassed and menaced. Rather, such cross-examination was properly limited " 'to the precise factual issue of the stated violation' "

*(People ex rel. Van Fossen v Dillon,* 72 AD2d 166, 169, quoting from *People ex rel. Gaskin v Smith,* 55 AD2d 1004, 1006; *Matter of White v New York State Bd. of Parole,* 49 AD2d 908, 909).

Moreover, we perceive no error in the admission into evidence of the Grand Jury testimony of a woman who, it was charged, had worked as a prostitute for the petitioner. It is well settled that material that would not be admissible in an adversary criminal trial may be considered in a parole revocation hearing *(see, People ex rel. McGee v Walters,* 62 NY2d 317, 322; *Morrissey v Brewer,* 408 US 471, 489). The petitioner's remaining objections to the introduction of the Grand Jury minutes are meritless.

Finally, upon a review of the record, we conclude that the charges lodged against the petitioner were supported by a preponderance of the evidence. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.