■ In the Matter of DALE F. GRAY, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Determination unanimously annulled on the law without costs and petition granted. Memorandum: On December 2, 1984 petitioner was arrested for violating Vehicle and Traffic Law § 1192 by operating a vehicle while in an intoxicated condition. Thereafter, the arresting officer submitted to the Department of Motor Vehicles a written report of petitioner's refusal to submit to a chemical test. The report, as provided by Vehicle and Traffic Law § 1194 (2), set forth the facts constituting reasonable grounds for petitioner's arrest and stated that petitioner refused to submit to a breath test after he had been duly warned that his refusal could lead to immediate suspension and subsequent revocation of his license.

A motor vehicle hearing pursuant to Vehicle and Traffic Law § 1194 was scheduled for December 14, 1984. On that date, the arresting officer failed to appear and petitioner's counsel moved to dismiss the proceeding. The motion was denied and the hearing was subsequently rescheduled for August 15, 1985. The arresting officer again failed to appear at the rescheduled hearing and again petitioner's motion to dismiss the proceeding was denied and the hearing adjourned. On his disposition sheet, the Administrative Law Judge noted, "Require appearance of P.O. Morrison".

On September 24, 1985 the hearing was reconvened and for a third time the arresting officer failed to appear. After denying petitioner's counsel's motion to dismiss, the Adminis-

trative Law Judge proceeded with the hearing, and on his own motion, over objection by petitioner, admitted the report of the arresting officer into evidence. Based solely on the report, the Administrative Law Judge revoked petitioner's license pursuant to Vehicle and Traffic Law § 1194 for his refusal to submit to a chemical test to determine the alcoholic content of his blood. The Commissioner affirmed the determination of the Administrative Law Judge and thereafter petitioner commenced this CPLR article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (g).

Petitioner contends that the Commissioner's determination must be annulled because it was made in violation of the provisions of the State Administrative Procedure Act and of petitioner's constitutional right to due process. We agree. State Administrative Procedure Act § 306 (3) provides that "[a] party shall have the right of cross-examination". This section was violated because petitioner had no opportunity to cross-examine the police officer whose report was received in evidence *(see, Matter of Alvardo v State of New York,* 110 AD2d 583, 584-585).

For the same reason, petitioner's due process rights were abridged. The rights to confrontation and cross-examination in administrative as well as in judicial proceedings have been zealously protected by our courts *(see, Goldberg v Kelly,* 397 US 254; *Greene v McElroy,* 360 US 474, 496-497). The importance of these rights was reaffirmed in *People ex rel. McGee v Walters* (62 NY2d 317, 322), where the Court of Appeals quoted with approval the Supreme Court's language in *Goldberg v Kelly (supra,* at 269) that " '[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.' " Here, petitioner suffered a serious loss without any opportunity to confront or cross-examine his accusers and without any showing of an undue burden on the State to produce the arresting officer or of good cause to dispense with the need for confrontation *(see, People ex rel. McGee v Walters, supra).* The lack of justification for denying petitioner his right to cross-examine is highlighted by the fact that the presence of the arresting officer was dispensed with only after he had failed to appear at the hearing for the third time.

The Commissioner's reliance on *People ex rel. Vega v Smith* (66 NY2d 130) to support his contention that petitioner need not be afforded an opportunity to confront his accusers is misplaced. There, the Court of Appeals upheld prison discipli-

nary determinations which were based solely on written misbehavior reports. The court concluded that the procedures afforded by the applicable regulations accorded the inmates due process. In reaching that conclusion, the Court of Appeals weighed the inmates' interests against the State's weighty interests, in light of the unique circumstances attending prison disciplinary proceedings. The court in *Vega (supra)* acknowledged the extraordinary difficulty in operating a correctional facility and the highly charged atmosphere necessitating a swift determination of disciplinary proceedings for reasons of both security and rehabilitation. The unique considerations governing prison disciplinary proceedings simply do not apply to motor vehicle hearings. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Rosenbloom, J.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.