■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY MARTIN, Appellant, v WARDEN, OSSINING CORRECTIONAL FACILITY, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered February 14, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, a New York parolee, had his parole revoked based on a parole violation report prepared by a New Jersey parole officer who was supervising the petitioner's parole in New Jersey.

The record amply supports the Hearing Officer's finding that the State of New Jersey had an established and firm policy of refusing to allow its supervising parole officers to travel to a sending State for parole revocation hearings and that the petitioner refused to take advantage of the opportunity to submit interrogatories to the New Jersey officer. Under these circumstances, the Hearing Officer properly found that "good cause" existed for dispensing with the production of the New Jersey parole officer and "not allowing confrontation" *(People ex rel. McGee v Walters,* 62 NY2d 317, 321-323; *Morrissey v Brewer,* 408 US 471, 489).

We have examined the petitioner's remaining argument and find it to be without merit *(see, People ex rel. McGee v Walters, supra,* at 320-321). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.