■ In the Matter of ROMAN VELEZ, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [668 NYS2d 269] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

In September 1982, petitioner was convicted of manslaughter for shooting a man to death on the streets of Brooklyn and was sentenced to a prison term of 8 1/3 to 25 years. Petitioner was released on parole in June 1993. In December 1993, a violation release report charged petitioner with rape and sodomy of his girlfriend's 19-year-old daughter. A notice of violation was issued and, after a preliminary parole revocation hearing where petitioner was represented by counsel and at which the victim testified regarding the alleged rape and sodomy, it was determined that probable cause existed to believe that petitioner violated the condition of his parole release. Prior to the parole revocation hearing the victim died.

Following a parole revocation hearing and administrative appeal, petitioner was found guilty of violating the conditions of his parole and it was ordered that he be returned to the custody of the State correctional facility to be held to the maximum expiration date of his sentence. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination. We confirm.

Contrary to petitioner's contention, we find that petitioner was not denied his right to confront an adverse witness. A parolee has a right to confront and cross-examine adverse witnesses in a parole revocation hearing, unless there is good cause for their nonattendance as determined by the Hearing Officer (*see,* Executive Law § 259-i [3] [f] [v]; *Morrissey v Brewer,* 408 US 471, 489; *People ex rel. McGee v Walters,* 62 NY2d 317, 319). Here, the victim had been murdered prior to the revocation hearing and a review of the preliminary hearing testimony reveals that the victim had been extensively cross-examined regarding the alleged rape and sodomy. Under these circumstances, we conclude that the Hearing Officer properly found that good cause existed for admitting the preliminary testimony of the victim despite the inability for confrontation (*see, e.g., People ex rel. Martin v Warden,* 133 AD2d 134, 135; *Matter of Nelson v New York State Bd. of Parole,* 123 AD2d 633, 634).

Furthermore, a review of the victim's testimony, wherein she testified that, among other things, petitioner struck her, supports the Hearing Officer's finding that forcible compulsion was adequately established (*see,* Penal Law § 130.00 [8]). Lastly, given the serious nature of the parole violation, we find that the penalty imposed was not excessive.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.