■ In the Matter of John Kravetz, Petitioner, v New York State Division of Parole, Respondent. [740 NYS2d 512] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner challenges the revocation of his parole based upon findings that he violated conditions thereof in March 1997 by engaging in deviate sexual intercourse with two underage victims and providing them with alcoholic beverages. Since one of the minor victims died in an automobile accident shortly before the final revocation hearing, her sworn statement was introduced into evidence. Although petitioner objects to the use of that sworn statement, we note that where good cause is found such a statement may be admitted in the absence of the declarant (*see, People ex rel. McGee v Walters*, 62 NY2d 317, 321). In this matter, the victim's death and the circumstances under which the sworn statement was taken provided the necessary good cause (*see, Matter of Velez v New York State Div. of Parole*, 246 AD2d 833, *lv denied* 91 NY2d 813).

Turning to the merits, "a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886). Here, the testimony of one of the victims and the sworn statement of the other provided substantial evidence to support the findings that petitioner provided alcoholic beverages to the minor victims and had deviate sexual intercourse with the victim who testified. The exculpatory testimony of petitioner's witnesses and claimed inconsistencies in the evidence against him created credibility issues to be weighed and resolved by the Administrative Law Judge (*see, Matter of Austin v Division of Parole*, 278 AD2d 731; *Matter of Cole v Travis*, 275 AD2d 874).

We agree with petitioner, however, that there is insufficient evidence to support the charge that he had deviate sexual intercourse in March 1997 with the victim who later died. Neither that victim's sworn statement nor the testimony of the other victim established the contact necessary to support the charge (*see*, Penal Law § 130.00 [2]). The determination must

be modified accordingly and the matter remitted to respondent for reconsideration of the appropriate time assessment in light of this modification.

All remaining issues not specifically addressed herein have been examined and found to be either without merit or rendered academic due to the decision herein.

Mercure, Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of charge 3 of the violation of release report; petition granted to that extent and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.