■ In the Matter of ANTHONY RISPOLI, Appellant, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent. [961 NYS2d 105]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 12, 2012, denying the petition to annul the determination of respondent Waterfront Commission of New York, which revoked petitioner's registration as a special craft longshoreman, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The admission of hearsay statements at the administrative hearing did not violate petitioner's due process rights to a fair hearing or cross-examination. It is well established that "[h]earsay evidence can be the basis of an administrative determination" (Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]). In addition to presenting the hearsay testimony, respondent presented the testimony of co-conspirator Cangelosi, which corroborated the hearsay testimony, and provided significant detail about petitioner's involvement in the marijuana grow operation. Petitioner was able to cross-examine Cangelosi, as well as Agent DiPasquale, who was called to introduce the hearsay statements made by others which implicated petitioner.

Petitioner's inability to cross-examine his brother, one of the individuals who made the statements implicating petitioner, does not require a different result. The Administrative Law

Judge issued a subpoena in accordance with respondent's rules to compel the brother's attendance in order to give petitioner the opportunity to cross-examine him. The fact that the subpoena may have been ignored was not the fault of respondent or the ALJ, and constitutes good cause for failing to produce petitioner's brother, who was incarcerated at the time.

Petitioner's reliance on *People ex rel. McGee v Walters* (62 NY2d 317 [1984]) is misplaced. In *McGee*, the administrative decision to revoke the petitioner's parole was based solely upon the parole officer's report, and the officer was not produced at the hearing because he was no longer employed by the Division of Parole. No reason was given for the failure to produce the parole officer that constituted good cause. Here, petitioner was able to cross-examine the live witnesses, and good cause was established for the failure to produce his brother at the hearing. Concur—Sweeny, J.P., Moskowitz, Abdus-Salaam, Román and Feinman, JJ. **[Prior Case History: 34 Misc 3d 1211(A), 2012 NY Slip Op 50049(U).]**