■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIJAH SAAFIR, Appellant, v DOMINIC J. MANTELLO, as Superintendent of Wende Correctional Facility, et al., Respondents.—Judg-

ment unanimously reversed on the law, petition granted and petitioner restored to parole status. Memorandum: The Division of Parole determined, after a final revocation hearing, that petitioner violated parole rules by possessing and using a controlled substance. The sole evidence of drug use or possession was the uncertified report of drug tests performed by a private laboratory upon petitioner's urine samples. We conclude that, under the circumstances of this case, the Division failed to sustain its burden of proving that petitioner violated parole. To sustain its burden of proof, the Division must demonstrate a violation of parole by a preponderance of the evidence (Executive Law § 259-i [3] [f] [viii]; 9 NYCRR 8005.20).

The report of tests performed by the private laboratory was hearsay evidence. It did not qualify as a business record because the Division of Parole failed to produce a witness to lay a proper foundation for admission of the report as a business record under CPLR 4518 (a) *(see, Matter of St. Lawrence County Dept. of Social Servs. v Steve CC.,* 92 AD2d 1038). Also, because the report was not the record of a hospital, library or governmental entity, it was not admissible under CPLR 4518 (c).

Hearsay evidence is admissible in a parole revocation proceeding (9 NYCRR 8005.2 [a]) and may be the basis of a determination that parole was violated *(People ex rel. McGee v Walters,* 62 NY2d 317, 322). In this case, however, the hearsay evidence, consisting of the uncertified report, was not sufficiently reliable to satisfy the Division's burden of proof.

Respondents' reliance upon *Matter of Lahey v Kelly* (71 NY2d 135) is misplaced. In *Lahey,* the court held that the properly documented report of a confirmed Syva EMIT drug test could, by itself, constitute substantial evidence of a violation of inmate rules in prison disciplinary proceedings. There is a critical difference, however, between the burden of proof in prison disciplinary proceedings and the burden required to prove a violation of parole. A determination of guilt in disciplinary proceedings must be supported only by substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139), not by the more stringent standard of preponderance of the evidence required to sustain the determination of a violation of parole. Moreover, here the test report is not part of the record on appeal and we cannot intelligently determine its reliability.

Contrary to respondents' contention, habeas corpus is a proper remedy for the review of parole revocation proceedings

*(People ex rel. Newcomb v Metz,* 64 AD2d 219, 221; *People ex rel. Warren v Mancusi,* 40 AD2d 279), and where the Division has failed to sustain its burden of proof on the charges, the petitioner, unless incarcerated on an unrelated offense, is entitled to be released from custody and restored to parole *(see, People ex rel. McGee v Walters,* 96 AD2d 605, *affd* 62 NY2d 317, *supra; People ex rel. Glenn v Bantum,* 132 Misc 2d 676).

Accordingly, we grant the petition and direct that petitioner be restored to parole. (Appeal from judgment of Supreme Court, Erie County, Forma, J.—habeas corpus.) Present— Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.