■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. REGINALD LEE, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Levine, J. Appeal from a order of the Supreme Court (Crew, III, J.), entered December 14, 1989 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In November 1988, petitioner was released from prison on parole after serving a partial sentence for his 1985 conviction for assault in the first degree. In December 1988, petitioner signed a document which indicated his understanding that, as a special condition of parole, he was required to stay away from Linda Williams, the victim of petitioner's prior assault. The special condition was imposed by petitioner's parole officer, Mario Casanova, after he was advised that petitioner wished to live with Williams.

Shortly thereafter, in January 1989, petitioner was arrested and charged with, *inter alia,* assault with intent to cause physical injury as the result of a complaint filed by Williams. Petitioner was then charged with various parole violations, including violation of the special condition prohibiting contact with Williams.

At the parole revocation hearing, Casanova testified regarding the circumstances surrounding the imposition of the special condition and stated that, following petitioner's arrest, petitioner admitted to him that he had contact with Williams. Following cross-examination of Casanova, petitioner moved to dismiss the charge of violation of the special condition, claiming that it was improperly based solely upon the arrest notice and that he was entitled to confront and cross-examine both the arresting officer and Williams. The Administrative Law Judge (hereinafter ALJ) denied petitioner's motion.

Following the hearing, the ALJ found that petitioner had violated his parole by failing to comply with the special

condition. The Board of Parole sustained the ALJ's determination, revoked petitioner's parole and ordered that he be returned to custody to be held to the maximum expiration date of his sentence.

In August 1989, petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus, claiming that the ALJ's failure to require the testimony of the arresting officer and Williams resulted in a denial of his right to due process. Petitioner also filed a supplemental petition, alleging that the imposition of the special condition of parole was invalid since the procedure contained in the State Division of Parole's "policy and procedure manual" (hereinafter the manual) requiring the inclusion in petitioner's folder of a memorandum, initialed by a senior parole officer, describing the rationale for the special condition, was not followed. Supreme Court denied petitioner's application, declining to address petitioner's due process claim on the ground that it was improperly brought in the context of a CPLR article 70 proceeding and concluding that petitioner's contention that the special condition was invalid due to the lack of compliance with the manual procedure was without merit. This appeal ensued.

The first ground for reversal asserted by petitioner is that Supreme Court erred in concluding that his due process claim could not be considered in the context of a habeas corpus proceeding. We agree. In claiming that he was denied due process by the ALJ's failure to afford him the opportunity to confront and cross-examine certain witnesses, petitioner is essentially seeking review of the parole revocation hearing, clearly a proper subject of a habeas corpus proceeding (see, *People ex rel. Rosado v James,* 134 AD2d 943, 944; *People ex rel. Newcomb v Metz,* 64 AD2d 219, 221; *People ex rel. Warren v Mancusi,* 40 AD2d 279, 281; *see also, People ex rel. Menechino v Warden,* 27 NY2d 376, 379).

Turning to petitioner's due process argument, we find it to be unavailing. Petitioner's parole revocation was based upon his violation of the special condition requiring him to stay away from Williams, which was readily established by Casanova's testimony that petitioner admitted to him that he had been with Williams. Thus, as the ALJ concluded, the testimony of the arresting officer and Williams would merely have been cumulative and corroborative, as it was not necessary to prove petitioner's violation of the special condition (see, *Matter of Kirk v Hammock,* 119 AD2d 851, 854).

Finally, we reject petitioner's contention that the special

condition he violated was invalidly imposed because of lack of full compliance with the procedure set forth in the manual. The obvious purpose of the procedure outlined in the manual provision is to prevent a special condition from being arbitrarily imposed. In this case, however, the record establishes that there was substantial compliance with the manual procedure and that the purpose of the procedure was satisfied. Casanova testified that, prior to imposing the special condition, he received approval from his senior parole officer, as required by the manual provision at issue. Thus, the actual deviation from the manual procedure was the omission from petitioner's folder of an initialed memorandum describing the rationale for the special condition. We find that this defect was a technical one which did not affect any substantial right of or otherwise result in prejudice to petitioner and, therefore, is not a basis for invalidating the revocation of parole *(see, Matter of Qasim v Scully,* 135 AD2d 856, 857, *lv denied* 72 NY2d 804; *Matter of Covelli v Luger,* 37 AD2d 1042, 1043; *Matter of Rosenberg v Wickham,* 36 AD2d 881, 882).

Order affirmed, without costs. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.