■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SMITH, Appellant, v DOMINIC J. MANTELLO, as Superintendent of Wende Correctional Facility, et al., Respondents.— Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Supreme Court erred in converting petitioner's petition for a writ of habeas corpus to a CPLR article 78 proceeding, and we modify the judgment to delete that directive. Where the sole basis for petitioner's continued incarceration is the Board of Parole's determination to revoke his parole, habeas corpus is an appropriate procedure to challenge the validity of that determination (*People ex rel. Saafir v Mantello,* 163 AD2d 824; *People ex rel. Newcomb v Metz,* 64 AD2d 219, 221).

Petitioner's remaining contentions lack merit. There is no requirement that the Board of Parole review the transcript of the final revocation hearing before making its final decision. The applicable statute and regulation require the Hearing Officer to submit his findings of fact and recommended disposition to the Board (Executive Law § 259-d [1]; § 259-i [3] [f] [xi]; 9 NYCRR 8005.20 [d]). The Board must base its final decision upon the findings of fact and recommendation "and such other information as the panel may deem necessary" (9 NYCRR 8005.20 [d]). The Board did not violate its own rule in this case by making its decision without reviewing the hearing transcript.

Petitioner admitted that he violated two rules governing his parole. Although he proffered an explanation for each violation, the Division of Parole sustained its burden of proving guilt by a preponderance of the evidence. The Hearing Officer stated in detail his reasons for recommending that relator be held for 24 months before reconsideration of release on parole, and we perceive no basis for concluding that the disposition was excessive. (Appeal from judgment of Supreme Court, Erie County, Rath, Jr., J.—art 78.) Present—Callahan, J. P., Doerr, Boomer, Green, and Balio, JJ.