■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. BEYRAU, Appellant, v DOMINIC J. MANTELLO, as Superintendent of Wende Correctional Facility, et al., Respondents.— Judgment unanimously affirmed *(see, People ex rel. Smith v Mantello,* 167 AD2d 912). (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—habeas corpus.) Present— Doerr, J. P., Denman, Boomer, Green and Pine, JJ.

■ CHARLES DERIDER, Individually and as Father and Natural Guardian of DAVID A. DERIDER, an Infant, Respondent, v WILLIAM E. HAINES, JR., Appellant.—Order unanimously affirmed with costs. Memorandum: The court properly denied defendant's motion to amend the answer to assert a counterclaim for contribution against the father of the infant plaintiff. The undisputed facts submitted on the motion to amend show that defendant's cause of action against the father, based on negligent supervision of the infant plaintiff, lacks merit *(see, Holodook v Spencer,* 36 NY2d 35). This case does not fall within the exception to the rule set forth in *Holodook (supra)* because the bicycle operated by the infant was not a dangerous instrument *(see, Nolechek v Gesuale,* 46 NY2d 332; *Steinberg v Cauchois,* 249 App Div 518; *see also, Parsons v Wham-O, Inc.,* 150 AD2d 435; *Young v Dalidowicz,* 92 AD2d 242). (Appeal from order of Supreme Court, Monroe County, Wesley, J.—amended answer.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK L. LA GASSE, JR., Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Seneca County Court, DePasquale, J.—criminal possession of stolen property, fourth degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.

■ In the Matter of BERNARD BEIKIRCH et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF GREECE, Appellant.—Judgment unanimously affirmed without costs. Memorandum: The fact that petitioners keep a miniature horse in their house does not make the house a "stable" within the meaning of the zoning ordinance. (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.— art 78.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.