■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARRY WILT, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents.—Judgment unanimously affirmed. Memorandum: The Division of Parole must prove, by a preponderance of the evidence, that a parolee has violated the terms of his parole (see, Executive Law § 259-i [3] [f] [viii]; 9 NYCRR 8005.19 [e]). It is well settled that hearsay is admissible in a parole revocation proceeding (9 NYCRR 8005.2 [a])

and may be the basis of a determination that parole was violated *(People ex rel. McGee v Walters,* 62 NY2d 317). We have held, however, that the burden of proof in a parole revocation proceeding is not satisfied unless there is a residuum of legal evidence to support a finding of guilt *(see, Matter of Hilbourne v Rodriguez,* 155 AD2d 917). Thus, except in the rare case, hearsay alone will not suffice. In recognition of that principle, we held that an uncertified report of a drug test which was not included in the record on appeal, and the reliability of which could not be determined, was insufficient to support a finding that parole was violated *(People ex rel. Saafir v Mantello,* 163 AD2d 824).

Here, however, the record includes a certified report of a confirmed Syva EMIT positive drug test, the reliability of which, at least in the context of a prison disciplinary proceeding, has been judicially accepted *(see, Matter of Lahey v Kelly,* 71 NY2d 135). Despite the difference in the burden of proof between prison disciplinary and parole revocation proceedings, we conclude that evidence of a certified report of a confirmed Syva EMIT positive drug test is sufficiently reliable, standing alone, to satisfy the Division's burden of proof.

Relator also argues that he was impermissibly denied his right to confrontation *(see,* US Const 6th Amend; NY Const, art I, § 6). The argument is without merit. The Hearing Officer properly admitted the report in evidence without requiring the Division to produce a witness from the laboratory. The report was otherwise admissible, and its substance was "objective factual material compiled under circumstances indicating it to be inherently reliable" *(People ex rel. McGee v Walters, supra,* at 322). (Appeal from Judgment of Monroe County Court, Marks, J.—Habeas Corpus.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.