■ In the Matter of JAMES R. ZIENTEK, Respondent, v VICTOR HERBERT, as Superintendent of Erie County Correc-

tional Facility, et al., Appellants. [606 NYS2d 479] —Judgment unanimously reversed on the law and petition dismissed. Memorandum: Supreme Court should have converted the petition in this CPLR article 78 proceeding to a petition for a writ of habeas corpus because the sole basis for petitioner's continued incarceration is the determination of the Parole Board to revoke petitioner's parole *(see, People ex rel. Smith v Mantello,* 167 AD2d 912; *People ex rel. Saafir v Mantello,* 163 AD2d 824). Pursuant to our authority under CPLR 103 (c), we convert the proceeding to one seeking habeas corpus relief *(see, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398).

With respect to the merits, we observe that a court, when reviewing a determination by the Parole Board to revoke parole, may only "examine the record to determine if the required procedural rules were followed and if there is any evidence which, if believed, would support the Parole Board's determination, but the court may not make its own determinations based on its assessment of the credibility of the witnesses" *(People ex rel. Walker v Hammock,* 78 AD2d 369, 371; *see, People ex rel. Lee v New York State Dept. of Correction,* 163 AD2d 883). The testimony of the witnesses called by the Division of Parole, if believed, was sufficient to support the Parole Board's determination that petitioner violated two special conditions of parole. Petitioner admitted that he violated the "no alcohol" condition of his parole that was the subject of one of the charges. Therefore, Supreme Court erred in setting aside the Parole Board's determination and in ordering petitioner to be returned to parole supervision. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Article 78.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.