■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL BRAZEAU, Appellant, v HERBERT McLAUGHLIN, as Superintendent of Hudson Correctional Facility, et al., Respondents. (Proceeding No. 1.) In the Matter of MICHAEL BRAZEAU, Petitioner, v BRION TRAVIS, as Chairman of the New York State Division of Parole, Respondent. (Proceeding No. 2.) [650 NYS2d 361] —White, J. (1) Appeal from a judgment of the Supreme Court (Czajka, J.), entered May 6, 1996 in Columbia County, which denied petitioner's application for a writ of habeas corpus, in a proceeding (No. 1) pursuant to CPLR article 70, after a hearing, and (2) a proceeding (No. 2) pursuant to CPLR

article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Board of Parole which revoked petitioner's parole.

At the conclusion of a final parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) sustained two charges against petitioner: (1) that petitioner failed to make his office report as directed on November 29, 1994, and (2) that a random drug test sample taken on October 25, 1994 registered positive for cocaine use. As a consequence, the ALJ revoked petitioner's parole and ordered him detained for 24 months. Following his unsuccessful administrative appeal, petitioner applied for a writ of habeas corpus. Supreme Court, although incorrectly noting that habeas corpus was not an appropriate remedy (*see, People ex rel. Smith v Mantello*, 167 AD2d 912; *People ex rel. Lee v New York State Bd. of Parole*, 165 AD2d 959, 960), nevertheless denied the application on its merits. Besides appealing from that determination, petitioner commenced a CPLR article 78 proceeding raising the same arguments he advanced in the habeas corpus proceeding.* For that reason and as it is an improper remedy, we shall dismiss the petition in the CPLR article 78 proceeding and direct our attention solely to petitioner's appeal from the denial of his application for a writ of habeas corpus.

When reviewing a determination by the Parole Board to revoke parole, we may not make our own determination based upon our assessment of the credibility of the witnesses; instead we are limited to examining the record to determine if the required procedural rules were followed and if there is any evidence which, if believed, would support the Parole Board's determination (*see, People ex rel. Portee v New York State Div. of Parole*, 199 AD2d 561; *Matter of Zientek v Herbert*, 199 AD2d 1075, 1076).

Applying this standard, we find the charge that petitioner failed to make his November 29, 1994 office appointment was established by the testimony of his parole officer who had direct knowledge thereof. The second charge was supported by a toxicology report indicating a positive result for the presence of cocaine. Although this report is hearsay, it was admissible (*see, 9 NYCRR 8005.2*) and was properly considered reliable as it contained a signed statement by the director of the labora-

* In his petition, petitioner seeks monetary relief. However, as he has not pursued this request in his brief, we consider it abandoned (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed, lv denied* 81 NY2d 867). In any event, it is meritless.

tory attesting to the scientific reliability of the GC/MS and EMIT tests that were utilized to test petitioner's urine specimen (see, Matter of Gordon v Brown, 84 NY2d 574, 579; Matter of Lahey v Kelly, 71 NY2d 135, 143; People ex rel. Wilt v Meloni, 170 AD2d 989, 990, lv dismissed 77 NY2d 973). We note that the admission of a second toxicology report of which petitioner had no notice, pertaining to a second drug test, was at most harmless error as it was surplusage; it was not needed to establish the second charge against petitioner nor did it influence the penalty imposed upon him. Accordingly, we find the charges sustained against petitioner supported by substantial evidence.

Petitioner's remaining contentions do not require extended discussion. His allegation that the ALJ was biased lacks support in the record and, further, there is no proof that the outcome of this case flowed from the alleged bias (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834). Lastly, considering petitioner's criminal history and the fact that he absconded for five months, we do not find the penalty imposed upon him to be harsh or excessive (see, Matter of Isaac v New York State Div. of Parole, 222 AD2d 913; Matter of Madlock v Russi, 195 AD2d 646, 647).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs. Adjudged that the determination is confirmed, without costs, and petition dismissed.