FOURTH DEPARTMENT, JULY, 1999

(July 9, 1999)

■ In the Matter of JAMES LORD, Petitioner, v STATE OF NEW YORK EXECUTIVE DEPARTMENT BOARD/DIVISION OF PAROLE, Respondent. [695 NYS2d 461] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was convicted of attempted murder in the second degree in August 1978 and sentenced to a term of incarceration of 20 years to life. In July 1996 petitioner was released on parole. In December 1996 petitioner was arrested on a charge of bank robbery. When petitioner's parole officer learned of the circumstances of the arrest, he charged petitioner with seven violations of parole. Following a final parole revocation hearing, petitioner was found guilty of four violations: robbing the bank, possessing a sawed-off shotgun during the robbery, failing to advise his parole officer of the arrest, and possessing a "toy pistol" and three shotgun shells at the time of his arrest. The Administrative Law Judge recommended a 10-year parole hold as a minimum penalty. That determination was affirmed on administrative appeal. We conclude that each of the four

charges is supported by substantial evidence (see, Matter of Westcott v New York State Bd. of Parole, 256 AD2d 1179).

We disagree with petitioner that the failure of the appeals unit of the Board of Parole to decide his administrative appeal within four months rendered the decision of the appeals unit constitutionally defective. The consequence of the appeals unit's failure to decide an administrative appeal within four months is that petitioner may deem his administrative remedy exhausted and may immediately seek judicial review of the underlying determination (see, 9 NYCRR 8006.4 [c]). Petitioner has also failed to submit any evidence to support his allegation that the Board of Parole did not meet and review his case pursuant to 9 NYCRR 8005.21.

In light of petitioner's past criminal history, which includes attempted murder in the second degree and two prior, unrelated Federal convictions for bank robbery, we conclude that the 10-year hold penalty is not "clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances" (Kostika v Cuomo, 41 NY2d 673, 676). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.