■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID A. TYLER, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, et al., Respondents. [702 NYS2d 705] —Mercure, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered April 2, 1999 in Franklin County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, a prison inmate, is serving a sentence which includes a prison term of 20 years to life imposed upon his 1972 conviction of murder in the first degree. In May 1996, while petitioner was on parole, a warrant was issued based on charges that he violated several conditions of his release. Upon his return to custody on February 5, 1997, petitioner waived his right to a preliminary parole revocation hearing. A final parole revocation hearing was held on May 2, 1997 at which petitioner entered a plea of guilty to one of the charges, the remaining charges were withdrawn and the Administrative Law Judge (hereinafter ALJ) recommended a time assessment of 12 months. In its May 15, 1997 determination, the Board of Parole Ordered that petitioner be held for 48 months and petitioner filed an administrative appeal. When the Board's Appeals Unit failed to rule on the appeal, petitioner commenced this habeas corpus proceeding, seeking to annul the Board's determination and to have his parole status restored. Supreme Court dismissed the application and petitioner appeals.

The failure of the Appeals Unit to rule on petitioner's administrative appeal did not invalidate the revocation process (*see*, *Matter of Lord v State of N. Y. Executive Dept. / Bd. of Parole*, 263 AD2d 945, *lv denied* 94 NY2d 753). Petitioner's administrative remedy was deemed exhausted when the Appeals Unit failed to rule on his appeal within four months, permitting immediate judicial review of the Board's determination (*see*, 9 NYCRR 8006.4 [c]). Accordingly, he was not prejudiced by the inaction of the Appeals Unit. Petitioner's challenge based on timeliness also lacks merit. The final revocation hearing was completed within 90 days of petitioner's waiver of the preliminary hearing (*see*, *People ex rel. Gray v*

*Campbell*, 241 AD2d 723) and petitioner was notified of the revocation decision as soon as practicable thereafter (*see, People ex rel. Ruiz v Leonardo*, 175 AD2d 964).

Petitioner contends that a 12-month time assessment was part of the plea bargain agreement and that he is entitled to specific performance of the agreement. The record, however, does not support petitioner's claim that a 12-month time assessment was promised or guaranteed. Petitioner's plea was entered with the assistance of counsel and, in accepting the plea, the ALJ unequivocally advised petitioner that the 12-month time assessment was a recommendation to the Board, explaining that "the Board of Parole has reserved unto themselves the power to review any time assessments requested by [an ALJ]" and that "[y]ou'll get your answer from the Board in about three weeks". Petitioner received the benefit of his bargain, the withdrawal of three charges and the ALJ's recommendation of a 12-month time assessment, and it is clear from the record that petitioner knew the 12-month time assessment was only a nonbinding recommendation. In view of petitioner's two prior parole violations, we see no abuse of discretion in the Board's modification of the recommended time assessment to 48 months.

Petitioner's final contention that application of the 1997 amendments to 9 NYCRR 8005.20 (c) violated the ex post facto doctrine is also lacking in merit (*see, People ex rel. Kelly v New York State Div. of Parole*, 264 AD2d 361; *People ex rel. Johnson v Russi*, 258 AD2d 346, *lv denied, appeal dismissed* 93 NY2d 945). Supreme Court correctly dismissed the petition and the judgment, therefore, is affirmed.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.