■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH GAITO, Appellant, v EARL COUTURE, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [704 NYS2d 894] —Appeal from a judgment of the Supreme Court (Demarest, J.), entered May 10, 1999 in St. Lawrence County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was sentenced to serve an indeterminate term of imprisonment of 5 to 15 years for various felony convictions and was subsequently released to parole supervision. Petitioner was thereafter charged with parole violations and, following a February 1998 final parole revocation hearing, his parole was revoked. Although petitioner requested an administrative appeal in April 1998, in the interim he brought this application in January 1999 seeking a writ of habeas corpus claiming that the parole regulations relied upon in assessing the penalty at his parole revocation hearing were unconstitutional ex post facto laws. Petitioner's application was dismissed by Supreme Court and we affirm.

It is well settled that "[h]abeas corpus relief is inappropriate in cases where the claimed errors could have been remedied by means of an administrative appeal" (*People ex rel. Vazquez v Travis*, 236 AD2d 745, 746, *appeal dismissed* 91 NY2d 847; *see, People ex rel. Lee v La Paglia*, 249 AD2d 601, 602, *lv denied* 92 NY2d 807).* Notably, previous challenges to 9 NYCRR 8005.20 (c) on ex post facto grounds have been rejected (*see, People ex rel. Tyler v Travis*, 269 AD2d 636; *People ex rel. Kelly v New York State Div. of Parole*, 264 AD2d 361; *People ex rel. Johnson v Russi*, 258 AD2d 346, *appeal dismissed, lv denied* 93 NY2d 945) and, in any event, we are unpersuaded that petitioner has raised "the type of constitutional claims that would justify departing from the general rule requiring exhaustion of administrative remedies" (*People ex rel. Gibbs v New York Bd. of Parole*, 251 AD2d 718, *lv denied* 92 NY2d 814). Thus, before seeking judicial redress, petitioner was required to "pursue his administrative appeal to conclusion" (*People ex rel. Carroll v Russi*, 232 AD2d 692, 692).

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner perfected his administrative appeal in February 1999 and respondents state in their brief that petitioner's penalty has since been reviewed and modified.