■ In the Matter of CHRIS MILLER, Appellant, v BOARD OF PAROLE, Respondent. [717 NYS2d 747] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered March 31, 2000 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which revoked petitioner's parole.

Petitioner was charged with four counts of violating his parole based upon his alleged possession of a firearm and cocaine. At a preliminary parole revocation hearing, three of the charges were dismissed, leaving only the charge based upon petitioner's alleged possession of a firearm. After a final parole revocation hearing, petitioner was found guilty of the charge and a 48-month time assessment was imposed. Petitioner pursued an administrative appeal and, when respondent's Appeals Unit failed to render a decision within four months, petitioner commenced this proceeding to review the determination. Supreme Court dismissed the petition on the ground that, in the absence of a decision on the administrative appeal, there was no final determination. Petitioner appeals.

Inasmuch as petitioner's administrative remedy was deemed exhausted when the Appeals Unit failed to render a decision within four months, Supreme Court erred in dismissing the petition based upon the pending administrative appeal (see, 9 NYCRR 8006.4 [c]; People ex rel. Tyler v Travis, 269 AD2d 636). Nevertheless, because the petition raised a question of substantial evidence, we will treat the matter as though it had been properly transferred to this Court (see, e.g., Matter of Barnwell v Goord, 268 AD2d 725, lv denied 95 NY2d 751). With regard to the substantial evidence issue, the testimony of the police officer who, while observing what he thought was a drug transaction, saw petitioner pass a small black object to another person, the testimony of the police officers who discovered that the object was a handgun and the testimony of the person who received the gun from petitioner supports the finding that petitioner possessed the handgun. Any credibility issue raised by the testimony was for the Administrative Law Judge to resolve (see, Matter of Hicks v New York State Div. of Parole, 255 AD2d 842, 843, appeal dismissed, lv denied 93 NY2d 846).

Notwithstanding petitioner's claim that the time assessment is excessive, the record provides no basis to disturb the determination in that regard (*see, id.*). There is also no support in the record for petitioner's claim of bias (*see, People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, 726, *lv denied* 89 NY2d 810), and the ex post facto argument raised by petitioner has been rejected by this Court (*see, People ex rel. Tyler v Travis, supra*). Any delay in the final revocation hearing beyond the 90-day period (*see,* Executive Law § 259-i [3] [f] [i]) was chargeable to petitioner whose attorney requested that the record be held open for the submission of additional material (*see, Matter of Moye v New York Executive Dept. Bd. of Parole*, 210 AD2d 711), and the decision was rendered as soon as practicable after the hearing (*see,* 9 NYCRR 8005.20 [f]).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.