■ In the Matter of JAMINE AUSTIN, Petitioner, v DIVISION OF PAROLE, Respondent. [717 NYS2d 756] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the

Supreme Court, entered in Essex County) to review a determination of the Board of Parole which revoked petitioner's parole.

Following a final parole revocation hearing, petitioner's parole was revoked based upon a finding that he violated a condition thereof by striking his mother during a domestic dispute. The police officer who responded to the family dispute call placed by petitioner's mother testified that when he arrived at the scene, the mother's face was swollen and she appeared to have been hit in the eye. According to both the police officer and petitioner's parole officer, the mother stated that petitioner struck her during a domestic dispute. Under these circumstances, the record amply supports the determination that petitioner violated the condition of his parole prohibiting him from engaging in unlawful or threatening behavior (*see, People ex rel. Fahim v Lacy*, 266 AD2d 612, *lv denied* 94 NY2d 759). Although the mother testified at the hearing that the injuries were accidental, this created a credibility issue for the Administrative Law Judge to resolve (*see, id.*, at 612).

Finally, we reject petitioner's contentions that the parole revocation guidelines set forth in 9 NYCRR 8005.20 (c) violate the ex post facto doctrine (*see, People ex rel. Gaito v Couture*, 269 AD2d 709, 710, *lv denied* 95 NY2d 754; *People ex rel. Tyler v Travis*, 269 AD2d 636, 637) and that inaudible portions of the hearing tape render the hearing transcript deficient (*see, Matter of Graham v New York State Div. of Parole*, 269 AD2d 628, 629, *lv denied* 95 NY2d 753).

Petitioner's remaining contentions are unpreserved for review or have been found to be without merit.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.