■ The People of the State of New York ex rel. Robert Fryer, Respondent, v John Beaver, as Superintendent of Orleans Correctional Facility, Appellant. [740 NYS2d 174] —Appeal from a judgment (denominated order) of Supreme Court, Orleans County (Punch, J.), entered January 22, 2001, which granted the petition seeking a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law without costs and the petition is dismissed.

Memorandum: Supreme Court erred in granting the petition seeking a writ of habeas corpus. We conclude that the determination of the Division of Parole that relator violated the conditions of his parole is supported by substantial evidence (see, Matter of Westcott v New York State Bd. of Parole, 256 AD2d 1179; Matter of Castro v Russi, 216 AD2d 968, lv denied 86 NY2d 711).

The Division of Parole alleged, inter alia, that relator violated the terms of his parole by striking his pregnant girlfriend about the head and threatening to kill her. At the parole revocation hearing, a police officer and relator's parole officer each testified that relator's girlfriend had informed them that relator struck her about the head during an argument and threatened to kill her, and their respective reports concerning the incident were admitted in evidence. Both witnesses also described the bruise on the face of relator's girlfriend and the police officer testified that the photograph of that bruise admitted in evidence accurately reflected his observation. Relator's girlfriend testified as a hostile witness. She admitted that the testimony of the police officer and the parole officer was consistent with what she had told them, but she further testified that her prior statements were "inaccurate," and that the bruise was inflicted by a woman whom she "caught" with relator. The Administrative Law Judge did not credit the testimony of relator's girlfriend that the bruise was caused by someone other than relator. We conclude that the determination is supported by substantial evidence, including hearsay that was properly admitted (see, Matter of Courtney v New York State Div. of Parole, 283 AD2d 707; Matter of Williams v New York State Bd. of Parole, 225 AD2d 490, lv denied 88 NY2d 810). Thus, we reverse the judgment and dismiss the petition.

All concur except Scudder, J., who concurs in the result in the following Memorandum.

Scudder, J. (concurring). I agree with the conclusion of the majority that Supreme Court erred in granting the petition

seeking a writ of habeas corpus. However, I disagree with the analysis of the majority in reaching that conclusion. I note at the outset that the majority does not address the court's determination that the finding of the Administrative Law Judge (ALJ) is not supported by the requisite "residuum of legal evidence" (*Matter of Hilbourne v Rodriguez,* 155 AD2d 917, 917). Although I disagree with Supreme Court that the determination of the ALJ is not supported by a residuum of legal evidence, in my view the court properly determined that the burden of proof in a parole revocation proceeding "is not satisfied unless there is a residuum of legal evidence to support a finding of guilt" (*Matter of Hilbourne v Rodriguez, supra* at 917).* I further conclude that the requisite residuum of legal evidence to support the finding of guilt was provided by the testimony of the witnesses for the Division of Parole concerning their observations of the bruise on the victim's face and the testimony of the victim that those witnesses and their reports are consistent with the version of the incident that she related to them on the night of the incident. That evidence is supported by admissible hearsay evidence (*see generally, People ex rel. Brazeau v McLaughlin,* 233 AD2d 724, 725-726, *lv denied* 89 NY2d 810).

The majority concludes that "the determination of the Division of Parole that relator violated the conditions of his parole is supported by substantial evidence," relying upon our cases utilizing that standard (*Matter of Westcott v New York State Bd. of Parole,* 256 AD2d 1179, 1180; *Matter of Castro v Russi,* 216 AD2d 968, *lv denied* 86 NY2d 711). Insofar as the term "substantial" is used as an adjective to describe whether there is *sufficient* evidence to support the ALJ's determination that the Division of Parole proved by a preponderance of the evidence that relator violated a condition of his parole, then I submit that the majority applied the proper standard. "Substantial evidence" is the standard of proof required in most administrative proceedings (*see,* State Administrative Procedure Act § 306 [1]) and the standard to review a determination made as a result of an administrative hearing (*see,* CPLR 7803

---

* A residuum of legal evidence is no longer required in an administrative proceeding in which the issue is whether the determination is supported by substantial evidence (*see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). However, in a proceeding involving a parole violation, the issue is whether the violation has been established by a preponderance of the evidence, and thus we have continued to require a residuum of legal evidence in such a proceeding (*see, Matter of Hilbourne v Rodriguez, supra*), except in the event of a "rare case" exception (*People ex rel. Wilt v Meloni,* 170 AD2d 989, 990, *lv dismissed* 77 NY2d 973).

[4]; *People ex rel. Vega v Smith, supra* at 139; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-181). A determination revoking parole, however, is based upon a preponderance of the evidence (*see,* Executive Law § 259-i [3] [f] [viii]) and thus cannot be reviewed using a "substantial evidence" standard because "it is less than a preponderance of the evidence" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra* at 180). In my view, reviewing a determination based upon a preponderance of the evidence by determining whether it is supported by substantial evidence is comparable to reviewing the legal sufficiency of a criminal conviction by determining whether the People proved the elements of the crime by a preponderance of the evidence rather than beyond a reasonable doubt (*see generally, People v Bleakley,* 69 NY2d 490, 495).

Although the majority may well intend that "substantial evidence" be construed as *sufficient* evidence, they have not clearly expressed such an intent. Thus, in my view, in order to resolve what I consider to be an area of considerable confusion, we should follow our line of cases in which the standard of review is whether there is "sufficient evidence in the record" to support the determination of the ALJ that a parole violation has been established by a preponderance of the evidence (*People ex rel. Walker v Hammock,* 78 AD2d 369, 372; *see, People ex rel. Peters v Walker,* 262 AD2d 1025, *lv denied* 93 NY2d 819; *Matter of Zientek v Herbert,* 199 AD2d 1075, 1076; *see also, Matter of Alexander v New York State Div. of Parole,* 236 AD2d 761). Present—Pigott, Jr., P.J., Hayes, Scudder, Burns and Gorski, JJ.