■ In the Matter of JESSIE CURRIE, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [748 NYS2d 712] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

After a final revocation hearing, petitioner's parole was revoked and a hold of 30 months was imposed based upon findings that he violated certain terms of his parole by punching his girlfriend in the face and that he violated an order of protection. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding claiming that his due process rights were violated because he was denied the right to confront and cross-examine a witness and that substantial evidence does not support the findings of guilt.

"[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886). Furthermore, formal rules of evidence need not be followed in a parole revocation hearing (*see* 9 NYCRR 8005.2 [a]). A review of the testimony provides substantial evidence to support the first two violations charging that petitioner's behavior threatened the safety and well-being of others and that such behavior violated the provisions of the law (*see People ex rel. Fahim v Lacy*, 266 AD2d 612, *lv denied* 94 NY2d 759). The testimony of the police officer who responded to the incident established

that both petitioner and his girlfriend stated that petitioner had punched her, resulting in a laceration on her chin. Although petitioner denied making such a statement, it was for the Administrative Law Judge to assess credibility (*see Matter of Kravetz v New York State Div. of Parole*, 293 AD2d 843). As for the remaining charge, given the certified copy of the order of protection and petitioner's plea of guilty with an explanation to violating said order, substantial evidence supports the determination of petitioner's guilt.

To the extent that petitioner now contends that he was denied due process because he did not have the opportunity to confront and cross-examine his girlfriend, who left the hearing room without testifying, we note that such issue is not preserved for judicial review inasmuch as petitioner did not request that the hearing be adjourned for her testimony, object to her absence or assert that he was entitled to confront and cross-examine her (*see Matter of Kirk v Hammock*, 119 AD2d 851).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.