■ In the Matter of ANTHONY R. ROBINSON, Appellant, v FLOYD L. BENNETT, as Superintendent of Elmira Correctional Facility, et al., Respondents. [752 NYS2d 730] —Spain, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered January 14, 2002 in Chemung County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78, and dismissed the petition.

Petitioner is serving concurrent prison sentences totaling 12½ to 25 years following his 1982 conviction of the crimes of rape in the first degree, sodomy in the first degree, burglary in the second degree, robbery in the third degree and grand larceny in the third degree. In January 2001, he was charged with three violations of the conditions of his parole. While represented by counsel, petitioner pleaded guilty to a single violation in exchange for the Hearing Officer's promised recommendation that, following revocation of his parole, petitioner would be eligible to reapply for parole release in 18 months. This decision was modified upon review to the Board of Parole to the extent that the Board lengthened the "hold period" from the recommended 18 months to three years.

Petitioner perfected an administrative appeal from the Board's decision in July 2001. Before the affirmance of the Board's ruling was rendered on October 22, 2001, however, petitioner commenced the instant proceeding. After converting the matter from a proceeding for a writ of habeas corpus to a CPLR article 78 proceeding,* Supreme Court entered the judgment under review, finding that the Board did not abuse its discretion by lengthening petitioner's hold period to three years.

* Supreme Court made this conversion on the ground that petitioner was seeking a shorter hold period rather than his immediate release from custody.

Initially, it appears that this proceeding should have been dismissed based on petitioner's failure to exhaust administrative remedies, i.e., this proceeding was commenced on August 15, 2001 while his administrative appeal was still pending (*see Matter of Howard v Travis*, 268 AD2d 832, 833). That the administrative decision of affirmance was subsequently rendered in October 2001 does not validate the petition retroactively (*see Matter of Boddie v New York State Div. of Parole*, 293 AD2d 884, *lv denied* 98 NY2d 606).

Nonetheless, if we were to address the merits of this proceeding, we would conclude that the Board did not abuse its discretion by lengthening petitioner's hold period beyond the time limit recommended by the Hearing Officer. Petitioner received the benefit of his bargain when two of the three charges of parole violation were withdrawn and the Hearing Officer recommended the 18-month hold period in exchange for his plea of guilty to the remaining charge (*see People ex rel. Tyler v Travis*, 269 AD2d 636, 637). In addition, the record discloses that petitioner was on notice that the Hearing Officer's recommendation was just that, and would not be binding on the Board (*see id.*).

Petitioner's contention that application of the 1997 amendments to 9 NYCRR 8005.20 (c) and (d) violated the ex post facto doctrine has previously been rejected by this Court as the doctrine does not apply to regulations (*see People ex rel. Kelly v New York State Div. of Parole*, 264 AD2d 361, 362; *People ex rel. Johnson v Russi*, 258 AD2d 346, 347, *appeal dismissed, lv denied* 93 NY2d 945; *see also People ex rel. Muhammad v Poole*, 287 AD2d 832, 832-833; *Matter of Miller v Board of Parole*, 278 AD2d 697, 698; *People ex rel. Tyler v Travis, supra* at 637). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.