THE PEOPLE OF THE STATE OF NEW YORK ex rel. GREGORY HILL, Appellant, v GREGORY J. KAIDEN, Superintendent, Gowanda Correctional Facility, et al., Respondents. [893 NYS2d 402]—

Memorandum: Petitioner appeals from a judgment dismissing his petition in this habeas corpus proceeding. We agree with petitioner that Supreme Court (Townsend, J.) erred in converting the habeas corpus proceeding into one pursuant to CPLR article 78 inasmuch as "the sole basis for petitioner's continued incarceration is the determination of the [Board of Parole (Board)] to revoke petitioner's parole" (*Matter of Zientek v Herbert*, 199 AD2d 1075, 1076 [1993]; *see People ex rel. Smith v Mantello*, 167 AD2d 912 [1990]). Nevertheless, we conclude on the merits that Supreme Court (Burns, J.) properly dismissed the petition. "It is well settled that any recommendation made by the [Administrative Law Judge (ALJ)] is advisory in nature and that the ultimate authority to reincarcerate petitioner and fix a date for his release lies with the Board" (*Matter of Folks v Alexander*, 58 AD3d 1038, 1039 [2009]). The statement by the Board with respect to its reasons for modifying the recommended penalty of the ALJ is sufficient to comply with 9 NYCRR 8005.20 (e) and "to meet the requirements of due process" (*People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, 851 [1996], *lv denied* 88 NY2d 809 [1996]). The Board's modification of the ALJ's recommended penalty, i.e., that petitioner be incarcerated for 36 months rather than the 12 months recommended by the ALJ, "is not 'clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances' " (*Matter of Lord v State of N.Y. Exec. Dept. Bd./Div. of Parole*, 263 AD2d 945, 946 [1999], *lv denied* 94 NY2d 753 [1999], *rearg denied* 95 NY2d 826 [2000], quoting *Kostika v Cuomo*, 41 NY2d 673, 676 [1977]). Petitioner failed to preserve for our review his contention that the retroactive application of the 1997 amendments to 9 NYCRR 8005.20 (c) violates the prohibition against ex post facto laws and thus is unconstitutional (*see generally People v Lyday*, 241 AD2d 950 [1997]). In any event, that contention is without merit (*see* US Const, art I, § 10 [1]; *Matter of Boddie v Alexander*, 65 AD3d 1446 [2009]; *Matter of Suce v Taylor*, 37 AD3d 886 [2007], *lv denied* 9 NY3d 803 [2007]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.