# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**283**

**TP 10-00458**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF FRANKLIN JOEL T. HAMPTON, JR.,
PETITIONER,

V                                    MEMORANDUM AND ORDER

ROBERT A. KIRKPATRICK, SUPERINTENDENT, WENDE
CORRECTIONAL FACILITY, AND HENRY LEMONS, JR.,
INTERIM CHAIRMAN, NEW YORK STATE DIVISION OF
PAROLE, RESPONDENTS.

---

FRANKLIN JOEL T. HAMPTON, JR., PETITIONER PRO SE.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John L. Michalski, A.J.], entered February 18, 2010) to review a determination of respondents. The determination revoked petitioner's parole after a final parole revocation hearing.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the second, third and fifth ordering paragraphs and dismissing the petition and as modified the judgment is affirmed without costs.

Memorandum: We agree with petitioner that Supreme Court (Feroleto, J.), upon determining that petitioner was not entitled to habeas corpus relief, erred in converting this habeas corpus proceeding into one pursuant to CPLR article 78 inasmuch as "the sole basis for petitioner's continued incarceration is the determination of the Parole Board to revoke petitioner's parole" (*Matter of Zientek v Herbert*, 199 AD2d 1075, 1076; *see People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, 725, *lv denied* 89 NY2d 810; *People ex rel. Smith v Mantello*, 167 AD2d 912). Consequently, there was no basis for the order issued by Supreme Court (Michalski, A.J.) transferring the proceeding to this Court pursuant to CPLR 7804 (g). We therefore modify the judgment accordingly. On the merits, we conclude that the court (Feroleto, J.) properly denied habeas corpus relief to petitioner, and we further modify the judgment by dismissing the petition. Contrary to petitioner's contention, the evidence presented at the final parole revocation hearing established by the requisite preponderance of the evidence that he violated a condition of his

parole (*see People ex rel. Shannon v Khahaifa*, 74 AD3d 1867, *lv dismissed* 15 NY3d 868).  Issues of credibility were for the resolution of the Administrative Law Judge (ALJ) (*see Matter of Johnson v Alexander*, 59 AD3d 977; *Matter of Miller v Board of Parole*, 278 AD2d 697), who was entitled to consider hearsay evidence (*see People ex rel. Fryer v Beaver*, 292 AD2d 876; *see generally Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805).  Petitioner's further contention that the ALJ was biased "lacks support in the record and, further, there is no proof that the outcome of this case flowed from the alleged bias" (*Brazeau*, 233 AD2d at 726; *see Matter of Castro v Russi*, 216 AD2d 968, *lv denied* 86 NY2d 711).

Entered:  March 25, 2011                         Patricia L. Morgan
                                                 Clerk of the Court