# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224**
**TP 15-00560**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF HENRY JOHNSON, PETITIONER,

V                                          MEMORANDUM AND ORDER

JAMES THOMPSON, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY, RESPONDENT.

---

HENRY JOHNSON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [M. William Boller, A.J.], entered March 31, 2015) to review a determination of respondent. The determination revoked the parole of petitioner.

It is hereby ORDERED that the order transferring this proceeding is unanimously vacated without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus pursuant to CPLR article 70, contending that the Parole Board improperly revoked his release after a final revocation hearing. Supreme Court (Feroleto, J.) denied the petition on the ground that the allegations therein, if taken as true, would not entitle petitioner to release from prison as a matter of law, but also converted the matter to a CPLR article 78 proceeding and signed an order directing respondent to appear before the court (Boller, A.J.) and to show cause why the relief requested in the petition should not be granted. The court then transferred the converted proceeding to this Court pursuant to CPLR 7804 (g).

As respondent correctly concedes, the court (Feroleto, J.), upon determining that petitioner was not entitled to habeas corpus relief, erred in converting this habeas corpus proceeding into one pursuant to CPLR article 78 inasmuch as "the sole basis for petitioner's continued incarceration is the determination of the Parole Board to revoke petitioner's parole" (*Matter of Zientek v Herbert*, 199 AD2d 1075, 1076; *see People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, 725, *lv denied* 89 NY2d 810; *People ex rel. Smith v Mantello*, 167 AD2d 912, 912). Thus, there was no basis to transfer the proceeding to this Court pursuant to CPLR 7804 (g) (*see generally Matter of Cappon v Carballada*, 93 AD3d 1179, 1180). We note, however, that the court

(Feroleto, J.) properly determined that the habeas corpus petition is without merit.  The evidence presented at the final parole revocation hearing established by the requisite preponderance of the evidence that petitioner violated a condition of his parole (*see People ex rel. Shannon v Khahaifa*, 74 AD3d 1867, 1867, *lv dismissed* 15 NY3d 868). Issues of credibility were for the Administrative Law Judge (ALJ) to resolve (*see Matter of Johnson v Alexander*, 59 AD3d 977, 977; *Matter of Miller v Board of Parole*, 278 AD2d 697, 697), and he was entitled to consider hearsay evidence (*see People ex rel. Fryer v Beaver*, 292 AD2d 876, 876; *see generally Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805, 805-806).

We reject petitioner's further contention that collateral estoppel and res judicata precluded the ALJ from revoking his parole based on his alleged commission of a new crime inasmuch as the Grand Jury had declined to indict petitioner with respect thereto. "Contrary to petitioner's contention, the Grand Jury's determination not to indict with respect to [that] crime[] did not collaterally estop the Parole Board from proceeding against petitioner based on [that] crime[]" (*People ex rel. Thurman v Williams*, 275 AD2d 1022, 1022, *lv denied* 95 NY2d 770; *see People v West*, 283 AD2d 721, 722, *lv denied* 96 NY2d 836), nor did the revocation of petitioner's parole violate the principal of res judicata.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court