People ex rel. Durham v Annucci (2019 NY Slip Op 02215)





People ex rel. Durham v Annucci


2019 NY Slip Op 02215


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


234 KAH 18-01640

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. ANDRE DURHAM, PETITIONER-APPELLANT,
v
ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






CENTER FOR APPELLATE LITIGATION, NEW YORK CITY (JAN HOTH OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered July 30, 2018 in a habeas corpus proceeding. The judgment converted the proceeding into a CPLR article 78 proceeding and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment that converted his habeas corpus proceeding into a CPLR article 78 proceeding and dismissed the petition. He contends that he is being held illegally beyond his conditional release date based on respondent's erroneous position that petitioner's release is conditioned on his compliance with Executive Law § 259-c (14), which, as relevant, prohibits a level three sex offender from residing within 1,000 feet of school grounds. Petitioner therefore contends that Supreme Court erred in dismissing the petition. We affirm.
Initially, we conclude that the court erred in converting petitioner's habeas corpus proceeding into a CPLR article 78 proceeding because, if we were to accept his interpretation of Executive Law § 259-c (14), he would be entitled to immediate release (see generally People ex rel. Garcia v Annucci, 167 AD3d 199, 201 [4th Dept 2018]; Matter of Johnson v Thompson, 134 AD3d 1404, 1404-1405 [4th Dept 2015]). Indeed, there is no dispute that petitioner's good behavior time exceeded the unserved part of his term of incarceration, entitling him to conditional release on his request (see Penal Law § 70.40 [1] [b]; Garcia, 167 AD3d at 201).
We also conclude, however, that the court properly dismissed the petition on the merits. We recently rejected petitioner's interpretation of Executive Law § 259-c (14) in Garcia (167 AD3d at 204-205), in which we concluded that, although the provision's language is ambiguous, its legislative history demonstrates that it "was intended to extend the school grounds mandatory condition to all persons conditionally released or released to parole who have been designated level three sex offenders" (id. at 204). Inasmuch as it is uncontested that petitioner is a level three sex offender and did not have a residence that complied with section 259-c (14), he did not establish that he was entitled to immediate release.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court