People ex rel. Floyd v Department of Corr. & Community Supervision (2023 NY Slip Op 00512)

People ex rel. Floyd v Department of Corr. & Community Supervision

2023 NY Slip Op 00512

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

10 KAH 22-00827

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. CHARLES FLOYD, PETITIONER-APPELLANT,
v
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 16, 2022 in a habeas corpus proceeding. The judgment denied the petition and dismissed the proceeding. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus pursuant to CPLR article 70, contending that the Board of Parole improperly revoked his parole release after a final revocation hearing and remanded him to serve another 36 months of incarceration. Supreme Court denied the petition, and we affirm.
Contrary to petitioner's contention, the Parole Board's determination that petitioner violated the conditions of his parole is supported by substantial evidence (see People ex rel. Lewis v Hunt, 72 AD3d 1630, 1631 [4th Dept 2010], lv denied 15 NY3d 707 [2010]; People ex rel. Fletcher v Travis, 19 AD3d 1097, 1098 [4th Dept 2005], lv denied 5 NY3d 709 [2005]). With respect to charge one alleging that petitioner assaulted a female victim, we conclude that, contrary to petitioner's contention, the Administrative Law Judge (ALJ) who presided over the hearing was entitled to consider hearsay evidence (see Matter of Hampton v Kirkpatrick, 82 AD3d 1639, 1639 [4th Dept 2011]; People ex rel. Fryer v Beaver, 292 AD2d 876, 876 [4th Dept 2002]; see generally Matter of Currie v New York State Bd. of Parole, 298 AD2d 805, 805-806 [3d Dept 2002]). Moreover, the determination was not based solely on the hearsay evidence inasmuch as the victim's sworn statement was submitted in evidence and two witnesses testified at the hearing that the victim appeared frightened of petitioner and had visible bruising. Petitioner's further contention that the ALJ violated his right to due process by permitting hearsay evidence without making a specific finding of good cause was not raised at the hearing and, thus, is not preserved for our review (see Currie, 298 AD2d at 806).
Regarding petitioner's challenge to charges eight and nine, which allege that petitioner possessed a knife, petitioner's parole officer testified that petitioner did not have permission to carry a knife during the relevant parole supervision time period. A witness further testified that petitioner was in possession of a folding knife. To the extent that petitioner challenges the credibility of those witnesses, the ALJ was entitled to resolve such issues of credibility (see Matter of Johnson v Thompson, 134 AD3d 1404, 1405 [4th Dept 2015]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court